IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEMONE RODGERS, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:19-CV-1952-K-BK |
| § | |
| JUDGE ANGELA KING, ET AL. § | |
|     DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. For the reasons that follow, Plaintiff Kemone Rodgers' claims, liberally construed as civil rights claims arising under 42 U.S.C. § 1983, should be **DISMISSED**.

    I.    **BACKGROUND**

On August 15, 2019, Rodgers filed a *pro se* pleading titled *Petition to Remove Cause Number MA16-18372-G from the State Courts of Texas*. Doc. 3. In the header on each page, however, is the caption, "Petition for Original Federal Proceeding." Doc. 3. Attached are two AO 440 forms—"Summons in a Civil Action"—completed by hand for Defendants "Judge Angela King of Dallas County Criminal Court Number 6" and "Criminal Prosecutor, Assistant District Attorney Catessa Malone." Doc. 3 at 13-15. Rodgers also identifies both as parties ("Respondent[s]") to this action.

In his *Petition*, Rodgers alleges that Defendants violated his constitutional rights by failing to set Case No. M16-18372 for trial after denying him a dismissal for violation of his

right to a speedy trial, and for "issuing two warrants for the Petitioner's arrest without probable cause." Doc. 3 at 2, 4. He specifically alleges that Judge Angela King is being sued "in her official and individual capacities, under Title 42 U.S.C. § 1983, for lacking personal jurisdiction to issue warrants for [his] arrest on 10/10/2018 and 6/04/2019." Doc. 3 at 9. He avers that Judge King "breached her judicial duties owed to [him] by failing to uphold the FOURTH AMENDMENT OF THE U.S. CONSTITUTION." Doc. 3 at 9. Rodgers seeks compensatory and punitive damages "for all the time he spent in jail due to the unlawful warrants." Doc. 3 at 8-9. In addition, he seeks to dismiss Cause No. M16-18372, based on the purported speedy trial violation. Doc. 3 at 10.[1]

## II.   ANALYSIS

The Court liberally construes Rodgers' filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Based on the allegations in the *Petition*, and the fact that Rogers' pending criminal case would be subject to immediate remand if removed, the Court concludes that his filings should be interpreted to raise civil rights claims under 42 U.S.C. § 1983. Even under the most liberal construction, however, his claims should be dismissed.

---

[1] *State of Texas v. Rodgers*, No. M16-18372 (Criminal Dist. No. 8, Dallas Cty., Tex.), is a pending misdemeanor criminal action for driving while intoxicated (DWI). The docket sheet is available on the Dallas County website at http://courtecom.dallascounty.org/publicaccess/ (last accessed Oct. 7, 2019).

**A. Request to Dismiss Cause No. M16-18372 is Barred by *Younger* Abstention**

The Court must first examine the threshold question of whether it has subject matter jurisdiction. It is an issue of paramount concern that should be addressed, *sua sponte* if necessary, at any time throughout the proceedings. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (stating that a "federal court may raise subject matter jurisdiction *sua sponte*"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Rodgers seeks to dismiss the state criminal charge presently pending against him. However, his claim is barred by the *Younger* abstention doctrine, which precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971).

For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). Those requirements are met in this case where Rodgers seeks an order of this Court dismissing his pending state criminal proceeding. What Rodgers requests this Court to do is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin,* 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending

against the federal plaintiff."). Moreover, it is apropos that the state has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Also, Rodgers can raise his claims—including the alleged constitutional challenges—in the state trial court, where notably the case was re-assigned to a different judge. Finally, this case does not fall within the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted. *Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

In sum, because Rodgers cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising jurisdiction over his challenge of the State's prosecution of him for DWI in Dallas County Cause No. M16-18372. *See Boyd*, 575 F. App'x at 519 (dismissing under the *Younger* abstention doctrine injunctive relief claims by pretrial detainee relating to his pending criminal prosecution).

**B. Claim for Monetary Damages Against Judge King is also Barred**

Rodgers also seeks monetary damages against Judge King for alleged civil rights violations stemming from the pending state criminal case. But she is entitled to absolute immunity from the damages claim. Her complained of actions were performed in her capacity and function as a judge. *Stump v. Sparkman*, 435 U.S. 349, 361-362 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Thus, Rodgers' claim for monetary damages against Judge King should be dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B) (providing for summary dismissal if the action "seeks monetary relief against a defendant who is immune from such relief").

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein, Rodgers civil rights claims are fatally infirm. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, Plaintiff's request to dismiss the pending state criminal charge should be **DISMISSED WITHOUT PREJUDICE** as barred by the *Younger* abstention doctrine, FED. R. CIV. P. 12(h)(3), and his monetary damages claim should be summarily **DISMISSED WITH PREJUDICE** as he seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on October 7, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must specify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).